IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **CRAIG HOWARD RASK,** § | |
| § | |
| **Plaintiff,** § | |
| VS. § | CIVIL ACTION No. 4:22-CV-380-P(BJ) |
| § | |
| **BRENDA MITCHELL,** § | |
| § | |
| **Defendant.** § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER**

In this case, Plaintiff has filed a civil case with a complaint and a motion for leave to proceed in forma pauperis. ECF Nos. 1-2. The case was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Miscellaneous Order No. 6.[1] The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

A. NATURE OF THE CASE

This case is a new civil action.

B. PARTIES

Craig Howard Rask is the plaintiff. Compl. 1, ECF No. 1. He lists as defendant Brenda Mitchell.

C. LEGAL ANALYSIS

Plaintiff filed a completed long-form motion to proceed in forma pauperis under 28 U.S.C. § 1915 *et. seq.* In forma Pauperis Mot., ECF No. 2. That application/motion includes the income and asset information for the plaintiff. A review of the financial information submitted in the

---

[1] Order for the Adoption of Rules for the Exercise of Powers and Performances of duties by United States Magistrate Judges, signed May 5, 2005.

application/motion reflects that Craig Rask receives $4,000 a month in self employment and $1,400 a month in Social Security disability payments. Courts consider such payments in making the in-forma-pauperis determination.[2] In forma Pauperis Mot. 1-3, ECF No. 2. He lists one dependent. *Id*. at 3. The applicable poverty guideline for a family of two is $18,310.[3] At a total of $5,400 per month, Plaintiff receives over $64,800 in annual income, significantly higher than the poverty level. The information in this application thus shows that Plaintiff has sufficient resources available to pay the applicable fees. Thus, after review and consideration of the application/motion to proceed in forma pauperis, the undersigned finds the motion to proceed IFP should be denied, and will make such a recommendation.

## RECOMMENDATION

It is therefore **RECOMMENDED** that Plaintiff's motion to proceed in forma pauperis [ECF No. 2] be **DENIED** by the district judge.

It is further **RECOMMENDED** that the district judge inform Plaintiff that the complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b), unless Plaintiff pays to the clerk of Court the filing and administrative fees of $402.00[4] within seven (7) days after the district judge's order.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION

---

[2]*See, e.g., Lewis v. Center Market, et al.,* 378 Fed. Appx. 780, 784-85 (110th Cir. May 17, 2010) (affirming district court's denial of IFP status to appellant whose only income sources were social security and unemployment benefits); *Salter v. Johnson*, No.3:12CV738-HTW, 2013 WL 550654, *1 (S.D. Miss. Jan. 18, 2013) (income includes social security payments), *rep. and rec. adopted,* 2013 WL 55065 (Feb. 12, 2013); *Mitchell v. Champs Sports*, 42 F.Supp. 2d 642, 648 (E.D. Tex. Dec. 15,1998).

[3]*See* https://aspe.hhs.gov/poverty-guidelines.

[4]In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule requires payment of an administrative fee for filing a civil action in district court of $52. *See* 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

## AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is **ORDERED** that Plaintiff is granted until **May 19, 2022** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and is hereby, **RETURNED** to the docket of the United States District Judge.

**SIGNED** May 5, 2022.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE